IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| JANELLE QUINN, individually and on behalf of her minor child D.J.Q. Jr. | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action No. |
| | ) | |
| COLUMBIA COUNTY SCHOOL DISTRICT | ) | |
| | ) | |
| | ) | |
| | ) | JURY TRIAL DEMANDED |
| | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## **COMPLAINT**

Plaintiffs, Ms. Janelle Quinn and D.J.Q. Jr., (hereinafter "Plaintiffs") file this complaint against Defendant seeking redress of unlawful racial discrimination and retaliation pursuant to Title VI of the Civil Rights Act of 1964.

## **INTRODUCTION**

D.J.Q. Jr. is a 9-year-old black boy, formerly enrolled at Parkway Elementary School as a third-grade student for the 2020-2021 academic year.  On January 19, 2021, D.J.Q. Jr. (hereinafter "Jr.") attended school per normal course.  However, during his lunch hour, Jr. was traumatized when a white female counselor shoved a dirty spoon into his mouth, ordering him to 'Clean this spoon' after Jr. asked her for a clean utensil.  Jr.'s mom, Ms. Quinn, learned of the incident that evening when Jr. told her about 'his worst day ever.'  Ms. Quinn, who worked as a military counselor for Parkway Elementary at the time, immediately filed written and oral complaints with the principal concerning the racist and unsanitary behaviors.  Defendants repeatedly minimized Ms. Quinn's complaints of discrimination—telling her that ***no further action was warranted***.

In an effort to protect her son from further retraumatization, Ms. Quinn filed discrimination complaints with the Columbia County School District, Board of Education, law enforcement agency, and others.  After participating in protected activity, Defendants retaliated against Ms. Quinn by having her employment contract cancelled and blacklisting her from other employment opportunities within the district.  Jr. had to transfer schools to mitigate retraumatization.  Ms. Quinn was transferred to work in another school district altogether, Richmond

County.  Plaintiffs seek pecuniary, equitable, and compensatory damages to make them whole.

## PARTIES

1.

Ms. Quinn is an adult African American woman and is the natural and biological mother of minor child, D.J.Q. Jr.  At all times relevant to this action, Ms. Quinn, was and continues to be a resident of Columbia, Georgia.  Plaintiff submits to the jurisdiction of this Court.

2.

D.J.Q. Jr. is a 9-year-old black boy who was formerly enrolled as a student at Parkway Elementary School for the 2020-2021 academic year.  At all times relevant to this action, D.J.Q. Jr. was and continues to be a resident of Columbia, Georgia.  He submits to the jurisdiction of this Court.

3.

Defendant Columbia County School District (hereinafter "Columbia County" or "Defendant District") is now, and at all times relevant to this action, has been a Georgia school district in Columbia County, Georgia. Columbia County

manages and controls the schools located within its district, including Parkway Elementary. Defendant District is responsible for the management and control of schools within its district, including compliance with Title VI and other non-discrimination statutes.  Defendant District receives both state and federal funds.

## JURISDICTION AND VENUE

### 4.

This action arises under laws of the United States, including Title VI of the Civil Rights Act of 1964, as amended. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3) and (a)(4).

## RELEVANT FACTS

### 5.

On or about February 13, 2015, Ms. Quinn was hired as an MFLC Counselor for Magellan Behavioral Health (hereinafter "Magellan"), of the Military & Family Life Counseling Program (MFLC).

### 6.

Magellan provides counseling services to youth and families as part of a Department of Defense initiative.

7.

Magellan creates working relationships with Georgia school districts under memorandums of understanding, which govern the terms and conditions of counseling services rendered to students within the school districts.

8.

Defendant District, vis-à-vis Parkway Elementary had a contractual relationship with Magellan to provide MFLC counselors for currently enrolled students.

9.

In accordance with the agreement with Defendant District, on or about August 2017, Ms. Quinn began working at Parkway Elementary as a MFLC counselor.

10.

At the time of Ms. Quinn's employment at Parkway Elementary, her son, D.J.Q. Jr, enrolled at Parkway Elementary as a Kindergarten student.

11.

Parkway Elementary School is a Georgia public elementary school located at 2660 William Few Pkwy, Evans, Georgia 30809. Parkway is located within the Columbia County School District.

12.

On January 19, 2021, Jr. came home and told his mother that he had "the worst

lunch ever."

13.

To Ms. Quinn's dismay, Jr. told his mother that while in the cafeteria, he raised his

hand to ask for a replacement utensil because his was dirty.

14.

Instead of providing a clean utensil to Jr., Julie Owens, a white woman and the

school counselor, placed the dirty used spork in his mouth.

15.

Ms. Owens told Jr. to 'clean this spoon.'

16.

Jr, a minor was made to feel humiliated in front of his peers at the hand of the

school counselor, Ms. Julie Owens.

17.

The traumatic incident was caught on video.

18.

Despite Ms. Owens, despicable and reprehensible behavior, she remained at

Parkway Elementary without suspension or reprimand.

19.

Despite the incident, Parkway Elementary neglected to put policies in place to

prevent another assault or ensure that Jr, a minor, was not retraumatized by daily

interactions with Ms. Owens.

20.

Jr. told his mother that he didn't want to go to school because of Ms. Owens.

21.

Jr. told his mother that he was emotionally traumatized because of the school

counselor, Ms. Julie Owens' actions.

22.

On January 20, 2021, Ms. Quinn had a meeting with Dr. Michael Doolittle,

Parkway Elementary Principal and Ms. Julie Owens to address the incident that

had taken place in the cafeteria.

23.

On January 27, 2021, Ms. Quinn sent out a certified letter to the Superintendent of Columbia County Schools, Superintendent of Parkway Elementary and to all board members regarding the incident with her minor son Jr.

24.

On January 29, 2021, and unbeknownst to Ms. Quinn, Parkway Elementary gathered written reports from Jr., a minor, Ms. Julie Owens, and other minor students who bore witness to Ms. Owens' heinous behavior.

25.

On February 15, 2021, Ms. Quinn received a letter from Sandra Carraway, Superintendent at the Columbia County School District in response to her letter to the school board.

26.

In short, Ms. Carraway deferred resolution to the matter to the actions taken by Superintendent Dr. Deborah Williams and Principal Doolittle.

27.

Apart from watching the video and thanking Ms. Quinn for advocating on behalf of her minor son, Columbia County School District and their administrators failed to take any substantive steps to protect. Jr., a minor child.

28.

On February 24, 2021, Ms. Quinn met with Principal Doolittle, Dr. Deborah

Williams, and Ms. Julie Owens to express her concerns regarding the school's

anemic response regarding D.J.Q. Jr., her minor son.

29.

Ms. Quinn expressed her concerns and told the administrators; she felt the incident

was racist and the school's decision to keep Ms. Julie Owens employed was

unacceptable.

30.

The February 24, 2021, notes from the meeting between Ms. Quinn and Defendant

revealed that Ms. Quinn told Columbia County School District that the January 19,

2021, incident was because of D.J.Q. Jr's black skin.

31.

The February 24, 2021, notes from the meeting between Ms. Quinn and Defendant

revealed that Ms. Quinn told Columbia County School District that their

lackadaisical response to the January 19, 2021, incident was racist.

32.

On April 1, 2021, Ms. Quinn spoke with Ms. Michelle Sherman at the Board of

Education and requested that Ms. Owens not have any further conversations with

her son.  Jr. told Ms. Quinn that he did not wish to speak to her as a result of the

incident.  Ms. Owens sought to speak with Jr. anyway, over Ms. Quinn's

objections.

33.

As a result of D.J.Q. Jr's traumatic experience, he no longer felt safe and asked his

mother to have him removed from Parkway Elementary and attend another school.

34.

On April 2, 2021, Ms. Quinn sent an email to Tom Smallwood, Hearing Officer at

Columbia County School District requesting a waiver request for Jr. to attend

Greenbrier Elementary.

35.

On April 19, 2021, Ms. Quinn sent a letter to the Georgia Professional Standards

Commissions informing them of the January 19, 2021, incident and requested

disciplinary actions be taken against Ms. Owens for violations of her duty as

counselor.

36.

On April 28, 2021, Ms. Quinn filed a Police Report with Columbia County

Sheriff's Office with C.H. Durand (PAT, PAT) (95268).

37.

Officer Durand informed Ms. Quinn that Ms. Owen's charge would be that of simple battery with an investigator assigned to the case and told that a child advocate would speak with the children involved.

38.

After engaging in protected activity, protesting racial discrimination on behalf of her minor son Jr. at Parkway Elementary, on or about April 29, 2021, the Columbia County School District retaliated against Ms. Quinn by having her employment contract cancelled.

39.

Michele Sherman, Associate Superintendent of Columbia County School District, contacted Ms. Beth Welch, Regional Director of Magellan, and supervisor of Ms. Quinn, via phone and via email on April 29, 2021.

40.

In her April 29, 2021, email to Director Welch, Superintendent Sherman writes in relevant part,

> "Later, the mother [Ms. Quinn] contacted Assistant Superintendent Dr. Deborah Williams who also spoke with the mother and assured her that the matter was handled appropriately.  Following Mrs. Quinn sent certified

letters to each board member and the school Superintendent Dr. Sandra Carraway, which prompted another investigation by our office.  Upon completion of this investigation, which included a review of video footage, Mrs. Quinn was notified that no further action with the counselor was warranted.   This morning the principal notified me that Mrs. Quinn has filed a police report with the Columbia County Sheriff's Office.

At this point, the actions of Mrs. Quinn are causing a disruption to the learning environment at Parkway Elementary School.  The school principal has requested that Mrs. Quinn not return to his school as an MFLC counselor, and we support this request."

41.

On April 29, 2021, Ms. Quinn received an email from her supervisor, Marchell Coleman, LPC, Regional Supervisor stating "I wanted to give you a quick follow up email from my call back.  Per Regional Director Beth Welch is asking that you stand down and do not return to either of your schools until further notice".

42.

On April 29, 2021, Ms. Quinn was informed via Zoom meeting by her supervisor, Marchell Coleman and Beth Welch, Regional Director that she would no longer be working at Parkway Elementary.  Shortly after the zoom meeting, Ms. Quinn received a phone call then follow up email from Ms. Coleman advising her not to return to either Parkway Elementary or Greenbrier Elementary School.

43.

Ms. Quinn was informed that the request to terminate her employment at Parkway
Elementary came from Defendant.

44.

On May 3, 2021, Ms. Quinn received an email from her supervisor clearing her to
go back to work at "Greenbrier Elementary School only" but was instructed that
she could not go back to Parkway Elementary School.

45.

The Board's instruction placed undue burden on Ms. Quinn because her minor
child was still attending Parkway Elementary.

46.

On May 14, 2021, Ms. Quinn received a letter from Tom Smallwood, approving
the waiver for Jr, her minor son to attend Greenbrier Elementary School.

47.

On August 5, 2021, Jr, was removed from Parkway Elementary and placed in
Greenbrier Elementary School.

48.

On May 19, 2021, Ms. Quinn received a response from the Georgia Professional Standards Commission informing her that the board found "No evidence of violation of the law or the Code of Ethics".

49.

On May 24, 2021, Ms. Quinn spoke with supervisor, Marchell Coleman via phone and was offered a position in the Columbia County School System.

50.

Ms. Coleman asked Ms. Quinn to confirm that she had no children attending school Grovetown or Columbia Middle Schools.

51.

Ms. Quinn confirmed via email that she did not have children attending school in Grovetown or Columbia Middle Schools.

52.

Upon information and belief, Defendant District prevented Ms. Quinn from returning to the Columbia County School District because of her protected activities.

53.

On June 1, 2021, Ms. Quinn's opportunity with Columbia County was rescinded.

54.

Ms. Quinn was then told the by Ms. Coleman that the assignment was no longer available.

55.

The Columbia School District has failed at their responsibility at safeguarding and protecting minor children like D.J.Q. Jr.

56.

Upon information and belief, the candidate who applied for the Grovetown or Columbia Middle Schools did not follow through with the employment process thereby causing the position to remain open.

57.

Ms. Quinn's supervisor never offered her the position despite it being open.

58.

Ms. Coleman hired another candidate to fill the position after the start of the 2021-2022 school year.

59.

Ms. Quinn received an assignment for Richmond County which began at the beginning of the 2021-2022 academic year.

60.

The Richmond County assignment increased Ms. Quinn's commute substantially as compared to her prior assignment at Parkway Elementary.

61.

As of today, Defendant has yet to address the trauma placed on Jr., a minor.

62.

On September 30, 2021, Ms. Quinn field a discrimination complaint with the Department of Justice Complaint on behalf of her minor son, Jr.

63.

Defendant District retaliated against Ms. Quinn after she engaged in protected activity by having her employment contract cancelled and subsequently interfering with her right to obtain a position within Columbia County School District.

## COUNT I: RACIAL DISCRIMINATION IN CONTRVENTION OF TITLE VI
*(Ms. Quinn on behalf of D.J.Q. Jr. against Defendant)*

64.

Plaintiffs reinstate and reincorporate P1—P63 stated above.

65.

D.J.Q. Jr's identification as a black boy is a protected basis under the statute.

66.

Defendant is a recipient of federal funds.

67.

The Defendant, by and through its employee Ms. Owens, intentionally discriminated against D.J.Q. Jr., when she shoved a dirty spoon into his mouth and ordered him to 'clean it' for discriminatory reasons.

68.

Counselor Owens abused her authority as a Parkway Elementary employee when she assaulted D.J.Q. Jr. by shoving a utensil in his mouth for discriminatory reasons.

69.

Jr. was denied the benefit of a non-discriminatory lunch, a benefit he was entitled to receive as a student enrolled at Parkway Elementary School.

70.

Jr. was denied the benefit of a non-discriminatory learning environment, after Defendant District failed to take any steps to protect Jr. from further traumatization—including repeated interaction with Ms. Owens, a benefit he was entitled to receive as a student enrolled at Parkway Elementary School.

71.

Jr. was denied the benefit of matriculating with his friends and peers at Parkway Elementary when he was forced to change schools because of Defendant District's failure to intervene, a benefit he was entitled to receive as a student enrolled at Parkway Elementary School.

72.

Upon information and belief, Counselor Owens has never assaulted white children by shoving dirty utensils into their mouth and ordering them to clean it.

73.

The Defendant, by and through its Program administrators, teachers, employees, and other agents, acted with deliberate indifference to known acts of discrimination at Parkway Elementary by ignoring Ms. Quinn's verbal and written complaints of a racial discrimination.

74.

All a result of the unlawful actions of the Defendant, Jr. has suffered loss of opportunity, emotional pain, suffering, mental anguish, and other non-pecuniary losses.

75.

Based on all the facts incorporated to support this Count, Plaintiffs have demonstrated that Defendant violated Jr.'s Title VI rights by subjecting him to a racially discriminatory learning environment.

## COUNT II: RETALIATION IN CONTRAVENTION OF TITLE VI
### *(Plaintiffs against Defendant)*

76.

Plaintiffs reinstate and reincorporate P1—P63 stated above.

77.

D.J.Q. Jr's identification as a black boy is a protected basis under the statute.

78.

Defendant is a recipient of federal funds.

79.

Ms. Quinn engaged in protected activity under Title VI when she repeatedly complained that the January 2021 incident was racially motivated; when she met with the Parkway Elementary Principal complaining of discrimination; when she mailed certified letters to the Columbia County School District alleging racial discrimination; when she filed a police report alleging assault and discrimination

against Counselor Owens; when she requested a transfer of Jr. after Defendant refused to protect her minor child.

80.

Defendant had notice of Ms. Quinn's protected activities via oral conversation, certified mailing, police report notification from the law enforcement agency, and repeated complaints to various members of the administration.

81.

After having notice of the same, Defendant retaliated against Ms. Quinn by canceling her contract with Parkway Elementary because of her protected activities.

82.

Defendant intentionally discriminated against Ms. Quinn because of her complaints of racial discrimination, as evidenced by Superintendent Sherman's April 29, 2021, email to Ms. Quinn's intermediate supervisor, which culminated in her termination.

83.

After having notice of the same, Defendant retaliated against Ms. Quinn by intentionally and discriminatorily interfering with her employment opportunities in

Columbia County School District when they rescinded Ms. Quinn's employment

opportunity for discriminatory reasons.

84.

Defendants have intentionally and with malice aforethought violated the retaliatory

provision of Title VI, which states in relevant part that, "No recipient or other

person shall ***intimidate, threaten, coerce, or discriminate*** against any individual

for the purpose of interfering with any right or privilege secured by… Title VI…

because he has made a complaint…" (emphasis added)

85.

Defendants have intimidated and discriminated against Plaintiffs by failing to

intervene on Jr.'s behalf and interfering with Ms. Quinn's employment

opportunities.

86.

Because of Defendants' actions, Ms. Quinn has suffered loss of opportunity,

emotional pain, suffering, mental anguish, and other non-pecuniary losses.

87.

Because of Defendants' actions, Jr. has suffered loss of opportunity, emotional

pain, suffering, mental anguish, and other non-pecuniary losses.

## ATTORNEY'S FEES

Based on the facts alleged in this Complaint, Plaintiffs are entitled to attorney's

fees against all Defendants under 42 U.S.C. § 1988(b), and all applicable laws.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs prays this Court:

a) That process issue and service be had on Defendant;

b) That a jury trial be had on all issues so triable;

c) That Plaintiffs be awarded all costs and other expenses in an amount to be

determined at trial, including attorney's fees;

d) That Plaintiffs have judgment against Defendant for punitive damages;

e) That this Court grant compensatory and equitable relief to Plaintiffs;

1) Plaintiffs request that this Court reassign Ms. Quinn to her prior

school district, Columbia County School District

2) Plaintiffs request that this Court require Defendant to promulgate

policies and procedures for an inclusive educational environment to

eliminate the opportunity for future discriminatory incidents

3) Plaintiffs request that this Court require Defendant to mandate anti-discrimination training for Defendant employees employed at Parkway Elementary at the time of the January 2021 incident

f) That Plaintiffs receive such other and further relief as this Court deems just and proper.


DATE: April 27, 2022


Respectfully submitted,


/s/Angelik Edmonds
Angelik Edmonds
Attorney for Plaintiffs
GA Bar: 650757
Edmonds Law Office of Civil Rights LLC
691 John Wesley Dobbs Avenue NE
Suite V-17 Atlanta, Georgia 30312
O: 678-404-1239
F: +1 678-623-9090
E: angie@aedmondslaw.com