IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| JANELLE QUINN, Individually and on Behalf of her minor child D.J.Q., JR. | ) ) ) | |
| PLAINTIFF | ) | |
| V. | ) | CIVIL ACTION NO. 1:22-CV-00051 |
| | ) | |
| COLUMBIA COUNTY SCHOOL DISTRICT | ) ) ) | |
| DEFENDANT | ) | |

## ANSWER

COMES NOW the Columbia County School District, defendant in the above-captioned matter, and answers the allegations contained in plaintiff's Complaint as follows:

### First Defense

Plaintiff's Complaint fails to state a claim upon which relief may be granted.

### Second Defense

As to plaintiff's claim, defendant shows that under all the facts and circumstances, its conduct was objective and reasonable.

1

### Third Defense

Defendant shows that plaintiff was not deprived of any rights under any amendment to or provision of the United States Constitution and laws or the Georgia Constitution by the defendant.

### Fourth Defense

Plaintiff's claims may be barred in part by the doctrine of sovereign immunity.

### Fifth Defense

Plaintiff suffered no damages proximately caused by any act or omission attributable to the defendant.

### Sixth Defense

No activities allegedly attributable to the defendant were arbitrary, capricious, or wholly unrelated to legitimate state interest.

### Seventh Defense

Plaintiff's claims may be barred due to her failure to exhaust appropriate administrative remedies.

### Eighth Defense

The defendant was not consciously indifferent.

## Ninth Defense

In response to the "Introduction" of plaintiff's Complaint, defendant shows that, upon information and belief, D.J.Q., Jr. is a male African-American child, formerly enrolled at Parkway Elementary School as a third-grade student. Plaintiff shows that the particular interaction between D.J.Q., Jr., and defendant's employee and counselor Julie Owens was recorded on video, and defendant denies as alleged the allegations of the plaintiff regarding this interaction. Defendant admits that the plaintiff was employed by a third party and assigned as a military counselor for Parkview Elementary, and she complained about the incident in question. Defendant denies as alleged all remaining allegations contained in the "Introduction" of plaintiff's Complaint.

Defendant responds to the allegations contained in the separately enumerated paragraphs in plaintiff's Complaint as follows:

1. Responding to the allegations contained in paragraph one, defendant admits, upon information and belief, that the plaintiff is an adult African-American female and may be the natural and biological mother of D.J.Q., Jr. Defendant is without knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph one.

2. Defendant has no knowledge regarding the current residency of D.J.Q., Jr. , but, upon information and belief, defendant admits the remaining allegations contained in paragraph two of plaintiff's Complaint.

3. Defendant admits the allegations contained in paragraph three, but defendant denies it has violated any rights of the plaintiff, pursuant to Title VI or otherwise.

4. Defendant admits that plaintiff has made certain allegations contained in paragraph four which constitute legal conclusions, and require no response of this defendant.

5. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph five.

6. Responding to the allegations contained in paragraph six, defendant admits Magellan provides counseling services as outlined in a Memorandum of Understanding. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph six.

7. Responding to the allegations contained in paragraph seven, defendant admits Magellan Federal, Inc., hereinafter referred to as ("MFLC"), a third party, has working relationships with one or more Georgia school districts, and memoranda of understanding are utilized to delineate the manner in which

the parties shall interact with each other. Defendant denies as alleged the remaining allegations contained in paragraph seven.

8. Defendant denies as alleged the allegations contained in paragraph eight. In further response, defendant incorporates its response to the allegations contained in paragraph seven.

9. Upon information and belief, defendant admits plaintiff worked as a counselor for MFLC. Defendant denies as alleged any remaining allegations contained in paragraph nine.

10. Responding to the allegations contained in paragraph ten, defendant admits that D.J.Q., Jr., was a student at Parkview Elementary at certain times while plaintiff worked there as a counselor for MFLC, a third party. Defendant denies as alleged any remaining allegations contained in paragraph ten.

11. Defendant admits the allegations contained in paragraph eleven.

12. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph twelve.

13. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph thirteen.

14. Defendant denies as alleged the allegations contained in paragraph fourteen of plaintiff's Complaint.

15. Defendant denies as alleged the allegations contained in paragraph fifteen of plaintiff's Complaint.

16. Defendant denies as alleged the allegations contained in paragraph sixteen of plaintiff's Complaint.

17. Defendant admits the interaction in question was recorded on video. Defendant denies any remaining allegations contained in paragraph seventeen.

18. Defendant denies as alleged the allegations contained in paragraph eighteen.

19. Defendant denies the allegations contained in paragraph nineteen.

20. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph twenty.

21. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph twenty-one.

22. Responding to the allegations contained in paragraph twenty-two of plaintiff's Complaint, defendant admits plaintiff met with school personnel to discuss the incident.

23. Responding to the allegations contained in paragraph twenty-three of plaintiff's Complaint, defendant admits Ms. Quinn sent a letter to Superintendent

of Columbia County Schools, Dr. Sandra Carraway, and possibly others, regarding the incident with her minor son.

24. Responding to the allegations contained in paragraph twenty-four of plaintiff's Complaint, the School District admits it conducted an inquiry regarding the interaction between D.J.Q., Jr. and the school counselor Julie Owens. Defendant denies as alleged any remaining allegations contained in paragraph twenty-four.

25. Responding to the allegations contained in paragraph twenty-five of plaintiff's Complaint, defendant admits Dr. Sandra Carraway, Superintendent of the Columbia County School District, sent a response letter dated February 10, 2021. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph twenty-five.

26. The matters set forth in Dr. Sandra Carraway's response correspondence speak for themselves. In addition, Dr. Carraway noted that an inquiry had been conducted. Defendant denies as alleged any remaining allegations contained in paragraph twenty-six.

27. Defendant denies the allegations contained in paragraph twenty-seven.

28. Responding to the allegations contained in paragraph twenty-eight of plaintiff's Complaint, defendant admits a meeting was conducted in which the plaintiff expressed her concerns.

29. Responding to the allegations contained in paragraph twenty-nine of plaintiff's Complaint, defendant shows there was no racial element involved in any fact or circumstance as alleged in plaintiff's Complaint, and the School District's decision to continue to employ school counselor Julie Owens was wholly appropriate. Defendant denies as alleged any remaining allegations contained in paragraph twenty-nine.

30. Defendant admits the principal made certain written notes. In further response, defendant denies any wrongdoing, and denies any remaining allegations contained in paragraph thirty.

31. Defendant admits the principal made certain written notes. In further response, defendant denies any wrongdoing, and denies any remaining allegations contained in paragraph thirty-one.

32. Responding to the allegations contained in paragraph thirty-two, defendant admits the plaintiff voiced her concerns on multiple occasions. In further response, based upon the purported perception of what had transpired,

school counselor Julie Owens issued an apology to D.J.Q., Jr. Defendant denies as alleged the remaining allegations contained in paragraph thirty-two.

33. Defendant denies the allegations contained in paragraph thirty-three.

34. Defendant admits the allegations contained in paragraph thirty-four.

35. Responding to the allegations contained in paragraph thirty-five, upon information and belief, defendant admits the Georgia Professional Standards Commission performed an inquiry and found no wrongdoing on behalf of Julie Owens. In further response, defendant denies any wrongdoing of any description, and defendant denies any other allegations contained in paragraph thirty-five.

36. Upon information and belief, defendant admits plaintiff filed a Police Report.

37. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph thirty-seven.

38. Defendant denies the allegations contained in paragraph thirty-eight.

39. Responding to the allegations contained in paragraph thirty-nine of plaintiff's Complaint, defendant admits third-party Magellan (MFLC) was contacted regarding plaintiff's presence at the school, the disruptive nature of same, and related matters.

40. Responding to the allegations contained in paragraph forty of plaintiff's Complaint, defendant admits third-party Magellan (MFLC) was contacted regarding plaintiff's presence at the school, the disruptive nature of same, and related matters.

41. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph forty-one.

42. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph forty-two.

43. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph forty-three.

44. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph forty-four.

45. Defendant denies the allegations contained in paragraph forty-five.

46. Responding to the allegations contained in paragraph forty-six, defendant admits Tom Smallwood issued correspondence to the plaintiff confirming the grant of her request for a waiver.

47. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph forty-seven.

48. Responding to the allegations contained in paragraph forty-eight, defendant admits, upon information and belief, that the Georgia Professional Standards Commission informed the plaintiff that the Commission found "No evidence of [a] violation of the law or the Code of Ethics" by Julie Owens.

49. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph forty-nine.

50. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph fifty.

51. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph fifty-one.

52. Defendant denies the allegations contained in paragraph fifty-two.

53. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph fifty-three.

54. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph fifty-four.

55. Defendant denies the allegations contained in paragraph fifty-five.

56. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph fifty-six.

57. Defendant has no information or knowledge sufficient to form a belief regarding what action the plaintiff's supervisor may have taken, and defendant denies any remaining allegations contained in paragraph fifty-seven.

58. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph fifty-eight.

59. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph fifty-nine.

60. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph sixty.

61. Defendant denies as alleged the allegations contained in paragraph sixty-one.

62. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph sixty-two.

63. Defendant denies the allegations contained in paragraph sixty-three.

64. Plaintiff reincorporates all responses to all allegations contained in paragraphs one through sixty-three as if set forth verbatim herein.

65. The matters set forth in paragraph sixty-five constitute legal conclusions which require no response of the defendant.

66. Defendant admits the allegations contained in paragraph sixty-six.

67. Defendant denies the allegations contained in paragraph sixty-seven.

68. Defendant denies the allegations contained in paragraph sixty-eight.

69. Defendant denies the allegations contained in paragraph sixty-nine.

70. Defendant denies the allegations contained in paragraph seventy.

71. Defendant denies the allegations contained in paragraph seventy-one.

72. Responding to the allegations contained in paragraph seventy-two, defendant admits that counselor Owens has never assaulted any children of any race.

73. Defendant denies the allegations contained in paragraph seventy-three.

74. Defendant denies the allegations contained in paragraph seventy-four.

75. Defendant denies the allegations contained in paragraph seventy-five.

76. Plaintiff reincorporates all responses to all allegations contained in paragraphs one through sixty-three as if set forth verbatim herein.

77. The matters set forth in paragraph seventy-seven constitute legal conclusions which require no response of the defendant.

78. Defendant admits the allegations in paragraph seventy-eight.

79. The matters set forth in paragraph seventy-nine constitute legal conclusions which require no response of the defendant. In addition, defendant denies any wrongdoing of any description.

80. Responding to the allegations contained in paragraph eighty, defendant admits that it was aware of certain complaints communicated by the plaintiff, and defendant denies any wrongdoing of any description.

81. Defendant denies the allegations contained in paragraph eighty-one.

82. Defendant denies the allegations contained in paragraph eighty-two.

83. Defendant denies the allegations contained in paragraph eighty-three.

84. Defendant denies the allegations contained in paragraph eighty-four.

85. Defendant denies the allegations contained in paragraph eighty-five.

86. Defendant denies the allegations contained in paragraph eighty-six.

87. Defendant denies the allegations contained in paragraph eighty-seven.

88. Defendant denies plaintiff is entitled to attorney fees.

### **Tenth Defense**

Except as specifically admitted above, defendant denies each and every other allegation contained in plaintiff's Complaint.

**Eleventh Defense**

Plaintiff fails to submit a claim for punitive damages upon which may be granted, in accordance with *City of Newport, et al. v. Fact Concerts, Inc.,* 101 S.Ct. 2748, 453 U.S. 248 (1981) and *Barnes v. Gorman*, 122 S.Ct. 2097, 536 U.S. 181 (2002).

WHEREFORE, defendant prays that plaintiff's claims be dismissed; that the defenses of the defendant be sustained; that it have a trial by jury; and, the Court grant such additional relief to the parties as it deems appropriate.

This 19th day of May, 2022.

                                        COUNSEL FOR DEFENDANT:

                                        */s/ Leonard O. Fletcher, Jr.*
                                        Leonard O. Fletcher, Jr.
                                        Georgia Bar No. 264000

                                        */s/ William L. Fletcher, Jr.*
                                        William L. Fletcher, Jr.
                                        Georgia Bar No. 474471

Fletcher, Harley & Fletcher, LLP
3529 Walton Way Ext.
Augusta, Georgia 30909
706-724-0558

                                                                     /s/ *Troy A. Lanier*
                                                                     Troy A. Lanier
                                                                     Georgia Bar No. 437775

Troy A. Lanier, P.C.
430 Ellis Street
Augusta, GA 30901
706-823-6800
tlanier@tlanierlaw.com

**Certificate of Service**

The undersigned certifies that he has served a copy of the foregoing on all counsel by filing the same into the CM/ECF system for the Southern District of Georgia as follows:

> Angelik Edmonds (angie@aedmondslaw.com)
> Edmonds Law Office of Civil Rights LLC
> 691 John Wesley Dobbs Avenue NE
> Suite V-17, Atlanta, GA 30312

This 19th day of May, 2022.

*/s/Troy A. Lanier*