IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | |
|---|---|
| JANELLE QUINN, individually and on behalf of her minor child D.J.Q. Jr. <br><br> Plaintiffs, <br><br> v. <br><br> COLUMBIA COUNTY SCHOOL DISTRICT <br><br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) Civil Action No. 1:22-cv-00051-JRH-BKE ) ) ) ) ) ) JURY TRIAL DEMANDED ) ) ) |

**BRIEF IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

COMES NOW, Plaintiffs, by and through their undersigned counsel, to file this brief supporting Plaintiffs' opposition to Defendant's motion for summary judgment. Plaintiffs further allege as follows:

### I.     INTRODUCTION

In February 2015, Ms. Quinn was hired as a MFLC counselor with Magellan. Magellan is granted federal contracts to provide military counselors to school districts in the United States. Plaintiff's Statement of Additional Material Facts, para 1. Pursuant to established memorandums of understanding, on or about August 2017, Ms. Quinn began working at Parkway Elementary and Greenbrier

Elementary as a MFLC counselor, splitting her time 50/50 between the assigned schools.  At the time of Ms. Quinn's employment at Parkway Elementary in August 2017, her son, D.J.Q. Jr, enrolled at Parkway Elementary as a Kindergarten student.  Declaration of J. Quinn, para 11. From 2017-2020, Magellan did not have a problem with Ms. Quinn working at the same school that her son, Jr., was enrolled in.  From 2017-2020, Magellan did not enforce any conflict-of-interest policies against Ms. Quinn for working at the same school that her son, Jr. attended.  As was the customary practice for MFLC counselors, Ms. Quinn's assignment to Parkway Elementary and Greenbrier Elementary continued from academic term to academic term without incident, until Ms. Quinn made a racial discrimination complaint on behalf of her son, Jr., a then-9-year-old black boy— against a white female counselor, Ms. Julie Owens on January 20, 2021.  Plaintiff's Statement of Additional Material Facts, para 6.

On January 19, 2021, Jr. attended Parkway Elementary per normal course. However, during his lunch hour, Jr. was traumatized when Ms. Owens, a white female counselor shoved a dirty spoon into his mouth, ordering him to 'Clean this spoon' after Jr. asked her for a clean utensil. Jr.'s mom, Ms. Quinn, learned of the incident that evening when Jr. told her about 'his worst day ever.' Plaintiff's Statement of Additional Material Facts, para 14 and 15. Because of the trauma initiated by Ms. Owens, Jr. requested to move schools, and Ms. Quinn began counseling services for him.  Plaintiff's Statement of Additional Material Facts, para 22 and 25. Ms. Quinn immediately filed written and oral racial discrimination complaints with Dr. Michael Doolittle, Principal, Dr. Deborah Williams, Superintendent, and Dr. Sandra Carraway, Associate Superintendent, concerning the racist and unsanitary behaviors. Plaintiff's Statement of Material Facts, para 17. Declaration of J. Quinn, para 5. In lieu of instituting any corrective action

against Ms. Owens, Defendants repeatedly minimized Ms. Quinn's complaints of discrimination—telling her that no further action was warranted.

In an effort to protect her son from further retraumatization, Ms. Quinn filed discrimination complaints with the Columbia County School District, Board of Education, U.S. Department of Justice, Columbia County Sheriff's Office, the Georgia Professional Standards Council, and others.  Plaintiff's Response to Defendant's Statement of Material Facts, para 15. Plaintiff's Statement of Additional Material Facts, para 17. Declaration of J. Quinn, para 5. After engaging in protected activity, the District, by and through Superintendent Sherman, retaliated against Ms. Quinn by requesting that she be reassigned from Parkway Elementary School.  Plaintiff's Statement of Additional Material Facts, para 29. The District further retaliated against Ms. Quinn by prohibiting her from working in Columbia County altogether in the 2021-2022 academic year. Declaration of J. Quinn, para 15. Because of Defendant's discriminatory and retaliatory actions, Plaintiffs have suffered loss of opportunity, emotional pain, suffering, mental anguish, therapy costs, increased commuting costs, and other non-pecuniary losses.

## II.   STATEMENT OF FACTS

Plaintiffs incorporate their (1) Responses to Defendants' Statement of Material Facts and (2) Statement of additional facts which create a genuine issue for trial. Plaintiffs request that the Court review these pleadings in toto.

## III.   STANDARD OF REVIEW

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any

material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). "A fact is material if it 'might affect the outcome of the suit under the governing law,' and a dispute about a material fact is genuine 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.' Steele v. Schafer, 535 F.3d 689, 692, 383 U.S. App. D.C. 74 (D.C. Cir. 2008) (quoting Liberty Lobby, 477 U.S. at 248). All inferences drawn from the facts must be viewed in the light most favorable to the non-moving party. See Adickes v. S.H. Kress & Co., 398 U.S. 144, 90 S. Ct. 1598, 26 L. Ed. 2d 142 (1970). To prevail on a summary judgment motion there must be enough evidence on which the jury could reasonably find for the moving party. Id. at 252. "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Anderson, 477 U.S. at 248. (internal citations omitted). Summary judgment is also appropriate when, "after adequate time for discovery," the nonmoving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial . . . since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986).

Summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Uptown Grill, L.LC., supra, quoting Fed. R. Civ. P. 56(a). When seeking summary judgment, "the movant bears the burden of establishing that its opponent has failed to raise a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986); Lindsey

v. Sears Roebuck and Co., 16 F.3d 616, 618 (5th Cir.1994). Accordingly, when reviewing a summary judgment, this Court must "construe all the evidence and make all reasonable inferences in the light most favorable to the nonmoving party." Boyett v. Redland Ins. Co., 741 F.3d 604, 606 (5th Cir. 2014), citing Amazing Spaces, Inc. v. Metro Mini Storage, 608 F.3d 225, 234 (5th Cir.2010). Rule 56 must be construed with due regard "for the rights of persons asserting claims and defenses that are adequately based in fact to have those claims and defenses tried to a jury." Celotex Corp., supra, 477 U.S. at 327, 106 S. Ct. at 2555.

## IV. ARGUMENT AND CITATION OF AUTHORITY

*A. There are genuine issues of material fact remaining in Plaintiffs' Title VI claim*

No person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance. Title VI, 42 U.S.C. § 2000d. To state a claim under VI, a plaintiff must allege facts establishing discriminatory intent. See Carr v. Bd. of Regents of Univ. Sys. of Ga., 249 F. App'x 146, 148 (11th Cir. 2007). "Discriminatory intent may be established by evidence of such factors as substantial disparate impact, a history of discriminatory official actions, procedural and substantive departures from the norms generally followed by the decision-maker, and discriminatory statements in the legislative or administrative history of the decision." Elston, 997 F.2d at 1406 A plaintiff can establish discriminatory intent via the McDonnell Douglas burden shifting framework or by utilizing the deliberate indifference standard.

Columbia County School District is a recipient of federal financial assistance. Plaintiff's Statement of Additional Material Facts, para 13. The educational services provided by Parkway Elementary School, vis-à-vis Columbia County

School District, are a program or activity as defined by the statute. As explained further infra, Plaintiffs have established that there is a genuine issue of material fact regarding Defendant's discriminatory intent. Ms. Julie Owens, a white female counselor for the District, intentionally discriminated against Jr. when she shoved a dirty spoon into his mouth after Jr. requested a clean spoon. Prior to the January 2021 racially discriminatory incident, Ms. Owens had made derogatory comments against black people and Latinx communities. Ms. Owens made derogatory comments about black hairdos, like locks—a traditional protective hairstyle worn by African Americans. Ms. Owens had similarly complained that there were "too many Mexicans" at a local Walmart. Plaintiff's Response to Defendant's Statement of Material Facts, para 17.

As explained by Ms. Quinn, a black woman, the District's asymmetric treatment of Ms. Quinn compared to Ms. Owens, a white woman, creates a genuine issue of material fact concerning discriminatory intent.

"Ms. Owens was allowed to remain in the school after a discriminatory act, after harm to a child. She was remained to -- remained in the school as if she had done nothing. Columbia County didn't put anything in place to address the trauma that my child went through. They didn't even put anything in place to keep Ms. Owens away from my child at the time. They expected Ms. Owens to go on as if she had did nothing. On or about April 28th, 2021, I filed a police report with the Columbia County Sheriff's Department. On or about April 29th, 2021, I was called by my employer, or it was actually a Zoom meeting. I was informed that I was not to return to Parkway Elementary School. You know, this caused undo stress, of course, as my child was still in the school. I had been dismissed. This is a case where a white woman that caused harm to a child was able to remain in the school. But myself, a black woman never caused harm to a

child, did excellent work with the children at my time at Parkway, I was dismissed for trying to implement protective actions. So, it's a difference between what happens to a white woman and what happens to a black woman." Doc. 30-4, pg. 10, lines 1-20.

Defendant's refusal to protect Jr. following complaints of racial discrimination, refusal to implement distance procedures, or provide any discipline whatsoever to Ms. Owens demonstrates that Defendant intended to discriminate against Jr. because of his identity as a black boy. The January 19 incident was so severe for Jr. that he was unable to remain enrolled at Parkway—asking his mother to be transferred because of Ms. Owen's presence and Ms. Owens' insistence that he communicate with her.  Following the incident, Jr. displayed unusual behaviors for his personality and disposition, withdrawal, and sadness.  See, Exhibit 8, Out of the Box Therapy Records and Report.  Jr. continued to exhibit post-traumatic stress behaviors, and she was forced to enroll him in therapy to help him cope. Id.

B. *There are genuine issues of material fact remaining in Plaintiffs' Title VI Retaliation Claim*

Title VI, states in relevant part that, "No recipient or other person shall intimidate, threaten, coerce, or discriminate against any individual for the purpose of interfering with any right or privilege secured by… Title VI… because he has made a complaint…" To establish a prima facie case of retaliation, a plaintiff must show that (1) she engaged in statutorily protected expression; (2) the Defendant took action that would have been materially adverse to a reasonable person; and (3) there was a causal link between the two events. *See* McCullough v. Bd. of Regents of the Univ. Sys. of Ga.*,* 623 F. App'x 980 (11th Cir. 2015) *citing,* Pennington v. City of Huntsville, 261 F.3d 1262, 1266 (11th Cir. 2001). To establish a causal connection in a retaliation case, "a plaintiff must show that the

decision-makers were aware of the protected conduct, and that the protected activity and the adverse actions were not wholly unrelated." Shannon v. BellSouth Telecomms., Inc., 292 F.3d 712, 716 (11th Cir. 2002).

Ms. Quinn engaged in protected activity under Title VI when she repeatedly complained that the January 2021 incident between Jr. and Ms. Owens was racially motivated. Ms. Quinn engaged in protected activity under Title VI when she met with the Parkway Elementary Principal Dr. Doolittle complaining of discrimination on January 20, 2021. Ms. Quinn engaged in protected activity under Title VI when she met with the Parkway Elementary Principal Dr. Doolittle and Dr. Williams, Superintendent of Columbia County School District, complaining of racial discrimination on February 24, 2021. Ms. Quinn engaged in protected activity under Title VI when Ms. Quinn mailed certified letters to the Columbia County School District alleging racial discrimination on January 24, 2021. Ms. Quinn engaged in protected activity under Title VI when Ms. Quinn filed a police report alleging assault and discrimination against Counselor Owens on April 28, 2021. Plaintiff's Statement of Additional Material Facts, para 15. Ms. Quinn engaged in protected activity under Title VI when Ms. Quinn requested a transfer of Jr. to Greenbrier Elementary after Defendant refused to protect her minor child. It is undisputed that Defendant had notice of Ms. Quinn's racial discrimination complaints—as reflected in Dr. Doolittle's handwritten notes of the February 24, 2021 meeting. Exhibit 2, Dr. Michael Doolittle February 24, 2021 Notes.

Defendant had notice of Ms. Quinn's protected activities via oral conversation with Dr. Doolittle, Dr. Deborah Williams, certified mailing of complaints to the Columbia County School District on January 24, 2021, police report notification from the Columbia County Sheriff's Office to Dr. Doolittle and Ms. Sherman on April 28, 2021, and repeated discrimination complaints to various members of the

Columbia County School District administration. Plaintiff's Statement of Additional Material Facts, para 16, 17, 18, and 25. After having notice of the same, Defendant retaliated against Ms. Quinn by canceling her contract with Parkway Elementary because of her protected activities. Plaintiff's Statement of Additional Material Facts, para 25. Declaration of J. Quinn, para 9. Defendant intentionally discriminated against Ms. Quinn because of her complaints of racial discrimination, as evidenced by Superintendent Sherman's April 29, 2021, email to Ms. Quinn's intermediate supervisor, which culminated in her termination. Exhibit 10 Sherman-Welch Emails April 29, 2021.

Ms. Sherman's April 29 email reveals that the true "disruption" caused by Ms. Quinn was her zealous advocacy for her son, Jr. related to her allegations of racial discrimination.  Ms. Sherman does not mention anything about Ms. Quinn purportedly 'following Jr.' around Parkway Elementary School.  Ms. Sherman does not mention anything alleging Ms. Quinn's unsatisfactory performance in the execution of her MFLC counselor duties.  Instead, the April 29 email summarizes the protected activities taken by Ms. Quinn including racial discrimination complaints, certified letters to the Columbia County Board, and Ms. Quinn's filing of a police report with Columbia County Sheriff's Office—actions taken by Ms. Quinn in furtherance of opposing racial discrimination.  Ms. Quinn's actions were of the exact kind intended to be protected by the statute. Exhibit 10 Sherman-Welch Emails April 29, 2021.

Thus, Ms. Quinn's ***protected activities***, as clearly explained in Ms. Sherman's April 29th email, were the reason that Columbia County School District requested that Ms. Quinn be reassigned from Parkway Elementary School.  Columbia County School District ***knew*** that Ms. Quinn would be reassigned upon their request because of the nature of the relationship between the parties.  In addition to the

April 29 email, temporal proximity shows that the reassignment request was not wholly unrelated to Ms. Quinn's racial discrimination complaints.  Importantly, Columbia County School District sent the email and called Ms. Quinn's supervisor, Ms. Welch, just *one day after* she filed her police report with Columbia County Sheriff's Office.  Exhibit 5 Police Report. Exhibit 10 Sherman-Welch Emails April 29, 2021. Ms. Quinn's other protected activities occurred at-most three months from her initial complaint of racial discrimination on January 20, 2021. Moreover, Columbia County School District prohibited Ms. Quinn from returning to Columbia County School District for the 2021-2022 school year. Because of the District's retaliatory actions, Ms. Quinn was reassigned to Richmond County School District, which came with increased commuting time and gas costs.  Plaintiff's Statement of Additional Material Facts, para 29 and 30.  A reasonable person would find location reassignment from a previously established assignment from the prior three years a materially adverse decision by Columbia County School District.  Put another way, a reasonable person would be dissuaded from making a complaint of discrimination if they feared that they might be relocated to a County that increased temporal and financial requirements.  When faced between exercising one's civil rights and keeping food on the table, a reasonable person may choose the latter.

   While Defendant argues that Ms. Quinn was 'not their employee' as a defense, that argument does not absolve them from retaliatory liability, especially when Defendant's actions directly led to Ms. Quinn's reassignment.  Columbia County School District knew that Magellan had no authority to override its request to reassign Ms. Quinn because of the nature of the relationship between the parties. Doc. 30-7, pg. 18, lines 16-23. Furthermore, there remains a genuine dispute of material fact as to the existence of a conflict-of-interest policy prohibiting MFLC

counselors from working in the same schools attended by their children.  As stated by Ms. Quinn's testimony, the so-called conflict-of-interest policy did not become a problem until *after* Ms. Quinn made several complaints of racial discrimination. The Magellan employment policy does not explicitly state that parent counselors working in the same school as their children violates the conflict-of-interest policy. See, Exhibit 6, MFLC Operational Manual pg. 10-11. Thus, the suspicious timing and inconsistent enforcement of the conflict-of-interest policy create factual disputes about whether such a policy actually exists or whether this policy was invented to cover the District's retaliatory animus.

Lastly, there are genuine issues of material fact about whether Ms. Quinn "disrupted" the learning environment at Parkway Elementary School.  Dr. Doolittle, principal of Parkway Elementary, the only person with personal knowledge of Ms. Quinn's purported behaviors, testified that, "He didn't follow her [referring to Ms. Quinn] around" and that he didn't have a "schedule of the days that she would come." Dr. Doolittle testified that "she [referring to Ms. Quinn] may have done her group counseling.  I don't know."  Moreover, Dr. Doolittle testified that he was not the point-of-contact or the individual that supervised Ms. Quinn at Parkway Elementary.  Dr. Doolittle further testified that Ms. Quinn's so-called "disruptive behaviors" did not interfere with other students' ability to learn.  Doc. 30-5, pg. 26, lines 10-23.  Taken together, Dr. Doolittle had no recollection of specific facts supporting the allegation that Ms. Quinn *actually interfered* with the learning environment at Parkway.  Once more, the email from Ms. Michele Sherman, authenticated by Dr. Doolittle, mentioned that Dr. Doolittle reported that Ms. Quinn had filed a police report with Columbia County Sherriff's Office the morning of April 29, 2021. Exhibit 10 Sherman-Welch Emails April 29, 2021. The documentary evidence suggests, again, that Ms. Quinn's protected

activities under Title VI were the catalyst leading the District to reassign her. While, it is undisputed that Ms. Quinn was legally Magellan's employee, the Columbia County School District was in fact *the decisionmaker* with respect to Ms. Quinn's continued placement within the District.  Magellan had no authority to keep Ms. Quinn at Parkway without Columbia County School District's consent. At the very least, there are genuine issues of material fact concerning Defendant's purported legitimate non-discriminatory rationales.  Viewed in the light most favorable to the plaintiffs, Ms. Quinn and Jr. have established that appropriate persons at the school district, including the school principal and district superintendent, who could take corrective measures had actual knowledge of intentional discrimination, and yet the District responded with deliberate indifference by failing to do anything. Doc. 30-4, pg. 10, lines 1-20.

Defendants have retaliated against Plaintiffs by failing to intervene on Jr.'s behalf and interfering with Ms. Quinn's employment opportunities. Because of Defendants' actions, Ms. Quinn has suffered loss of opportunity, emotional pain, suffering, mental anguish, and other non-pecuniary losses. Because of Defendants' actions, Jr. has suffered loss of opportunity, emotional pain, suffering, mental anguish, and other non-pecuniary losses.

## CONCLUSION

For the above reasons, Plaintiffs respectfully request that this Court deny Defendant's Motion for Summary Judgment because genuine issues of material fact exist.

DATE: May 22, 2023

/s/Angelik Edmonds

Angelik Edmonds<br>
Attorney for Plaintiff<br>
GA Bar: 650757<br>
Edmonds Law Office of Civil Rights LLC<br>
135 Auburn Avenue<br>
Suite B<br>
Atlanta, Georgia 30303<br>
O: 678-404-1239<br>
F: +1 678-623-9090<br>
E: angie@aedmondslaw.com

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | |
|---|---|
| JANELLE QUINN, individually and on behalf of her minor child D.J.Q. Jr. | ) ) ) |
| Plaintiffs, | ) |
| v. | ) Civil Action No. 1:22-cv-00051-JRH-BKE |
| COLUMBIA COUNTY SCHOOL DISTRICT | ) ) ) ) JURY TRIAL DEMANDED |
| Defendant. | ) |

## CERTIFICATE OF SERVICE

This is to certify that I electronically served Plaintiffs' Brief in Support to the attorneys of record, William L. Fletcher, Jr. at willfletcher@fhflaw.com and Troy A. Lanier at tlanier@tlanierlaw.com.

DATE: This 22nd day of May, 2023.

Respectfully submitted,

/s/Angelik Edmonds

Angelik Edmonds<br>
Attorney for Plaintiffs<br>
GA Bar: 650757<br>
Edmonds Law Office of Civil Rights LLC<br>
135 Auburn Ave., Suite B<br>
Atlanta, Georgia 30303<br>
O: 678-404-1239<br>
F: +1 678-623-9090<br>
E: angie@aedmondslaw.com
